**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re Orly Genger, | Chapter 7 |
| Debtor. | Case No. 19-bk-13895-JLG |
| Orly Genger, | |
| Petitioner, | Adv. Proc. No. 26-01052-JLG |
| v. | Hon. James L. Garrity, Jr. |
| Michael Oldner, | |
| Respondent. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO REMAND STATE COURT PROCEEDING**

Petitioner Orly Genger ("Orly"), beneficiary of the Orly Genger 1993 Trust ("Orly

Trust"), hereby moves to remand to New York State Supreme Court this proceeding to remove

Michael Oldner ("Oldner") as trustee of the Orly Trust, and states as follows:[1]

**PRELIMINARY STATEMENT**

Oldner improvidently removed the state proceeding on the purported ground that under

28 U.S.C. §§ 157, 1334 and 1452, it "arises in" or is "related to" this bankruptcy proceeding.

ECF No. 1.  The state proceeding is a special proceeding Orly brought under New York's

CPLR Article 77's streamlined procedure for determining trust matters, in which the sole relief

she seeks is the judicial removal and replacement of Oldner as trustee of the Orly Trust, an *inter*

*vivos* spendthrift trust governed by New York law.  Oldner himself has repeatedly and

---

[1] Unless otherwise stated, exhibits referenced herein are attached to the accompanying Declaration of Michael Paul Bowen, dated June 4, 2026 ("Bowen Decl.").

successfully argued to this Court in other contexts that matters concerning the administration and assets of the Orly Trust have nothing to do with Orly's bankruptcy.  As shown below, this is particularly true here—Orly's state court proceeding and its outcome have nothing to do with this bankruptcy proceeding.  The proceeding and its outcome have to do only with who the state court decides will be the trustee determining what is in the best interests of the Trust and its beneficiary—Oldner or a replacement trustee appointed by the state court.

On May 19, 2026, based on Orly's *prima facie* showing that Oldner had breached his fiduciary duties to Orly, New York Supreme Court Justice Dakota Ramseur granted Orly's motion by order to show cause for a TRO to maintain the *status quo* by temporarily restraining Oldner, pending a preliminary injunction hearing, "from taking any further action as Trustee of the Orly Trust and on behalf of the Orly Trust without prior notice to the [state court] and Petitioner and approval by the [state court]."  TRO (Bowen Decl. Ex. B) at 2.

Oldner utterly ignored the TRO.  He did not comply with it, he did not challenge it, he did not ask for any clarification or modification of it.  Instead, he violated it—on May 27, 2026, with no notice to Orly or notice to or approval by Justice Ramseur, he removed the proceeding to this Court.  In his notice of removal, Oldner asserts that Orly's state proceeding "arises in" this bankruptcy proceeding because the TRO "purports to stay" the adversary proceeding he filed on behalf of the Orly Trust to prevent Orly from receiving a discharge of her debts in bankruptcy— which he calls the "Oldner Adversary Proceeding"—and because the state proceeding seeks to remove "Oldner as the plaintiff [in] a discharge proceeding, which is a core proceeding under 28 U.S.C. § 157(b)(2)(J)."  Notice of Removal (ECF No. 1) ¶ 11.  Oldner asserts that Orly's state proceeding is "related to" this bankruptcy proceeding because "its outcome (*i.e.*, the removal of Oldner) would affect the pending Oldner Adversary Proceeding, affect the property of the

2

bankruptcy estate, affect claims against the estate, affect the liquidation of the assets of the bankruptcy estate, and affect the Bankruptcy Court's control over its own proceedings." *Id.* at ¶ 12.

Oldner's assertions in his notice of removal reflect his fundamental, and shocking, misunderstanding of his duties as trustee, and they fundamentally misrepresent the TRO. Whether or not Oldner remains as trustee is wholly immaterial to any aspect of this bankruptcy. What he calls the Oldner Adversary Proceeding is not his adversary proceeding; it is the Orly Trust's adversary proceeding, which Oldner commenced purportedly on behalf of the Trust. If the state court removes him as trustee, the court will appoint a replacement trustee, who, exercising his or her independent judgment, will determine whether or not to pursue that adversary proceeding on behalf of the Trust. Accordingly, if he is replaced, the "Oldner Adversary Proceeding" may or may not be "affected." Either way, under the most basic trustee fiduciary-duty law, Oldner has no, never had any, and is not permitted to have any, personal interest whatsoever in that or any other determination on behalf of the Trust. That he believes he does only confirms the urgency of the state court proceeding and the urgency of remand.

Moreover, Oldner misrepresents the TRO—it nowhere even refers to, let alone purports to stay, the "Oldner Adversary Proceeding." The TRO, on its face, instead requires Oldner only to give notice and obtain court approval of his actions, so that the court can ensure that the *status quo* is maintained pending its preliminary injunction decision. But even assuming *arguendo* that Oldner has a valid objection to the TRO, he was required to raise that objection first to the court that issued the order. Instead, Oldner simply and contumaciously ignored it.

The only explanation for this conduct is that rather than allow the state court to decide, under the streamlined Article 77 procedure, whether he should be replaced, Oldner is trying to

advance his own interests rather than the Trust's and its beneficiary's. Because the TRO remains in place only for a limited time—under now applicable federal law, until June 10, unless extended for another 14 days—it is imperative to remand this matter as soon as possible, lest Oldner achieve his improper purpose in removing this action of evading the TRO through delay and procedural maneuvers.

## FACTUAL BACKGROUND

The Orly Trust is a New York spendthrift trust established by Orly's father in 1993 as part of an estate plan designed to divide assets equally between Orly and her brother, Sagi, for whom an identical trust was created. The Trust, sited in New York, was formed under and is governed by New York law. *See* Bowen Decl. Ex. A at 1, 13. Orly is its primary beneficiary, and her minor daughter is the contingent beneficiary.

In mid-June 2019, the then trustee of the Orly Trust, Dalia Genger, Orly and Sagi's mother, resigned and, at Sagi's direction, appointed, as successor trustee, Oldner, whom Sagi had selected. Since then, Oldner has entirely ignored Orly and her interests and has taken numerous actions contrary to her interests, including, among other things, filing—as trustee of the spendthrift Trust designed to protect Orly from creditors—the adversary proceeding objecting to her discharge and participating with Sagi and others in the "nuclear option" scheme to drive Orly into bankruptcy for improper purposes, a scheme recently revealed in newly produced documents and the subject of a sanctions motion pending before this Court. For example, in breach of his fiduciary duties to Orly and the Trust, Oldner, on behalf of the Orly Trust, executed the "Inter-Creditor Agreement" providing that the Trust never receives any proceeds from litigations Oldner is pursuing through REI, even though REI is wholly owned by the Orly Trust, and he executed numerous releases purporting to shield Sagi and other wrongdoers from claims by the Orly Trust—in exchange for no benefit to the Trust.

4

Based on these and numerous other breaches of fiduciary duty, Orly commenced the Article 77 special proceeding in state court to remove and replace Oldner as trustee of the Orly Trust and applied for and obtained a TRO from the state court, enjoining Oldner, pending further hearing, "from taking any further action as Trustee of the Orly Trust and on behalf of the Orly Trust without prior notice to the [state court] and Petitioner and approval by the [state court]." TRO (Bowen Decl. Ex. B) at 2.  Oldner has now violated that TRO on multiple occasions.

According to the TRO order entered by the state court, Oldner was required to respond to the TRO on or before May 29, 2026.  He has not done so.  The state court hearing on the TRO was scheduled for June 16, 2026.  However, Oldner removed the matter to this Court on May 27, 2026.  The TRO remains in effect in this Court only until June 10, two weeks from the date of the removal on May 27, 2026, unless extended for an additional 14 days.  *See* Fed. R. Civ. Pro. 65(b)(2).

## ARGUMENT

### I.  THERE IS NO BASIS FOR REMOVAL

Oldner, as the party who removed this case, bears the burden of establishing that this Court has jurisdiction to hear this matter.  *See United Food & Commercial Workers Union, Local 919 v. Centermark Props.*, 30 F.3d 298, 301 (2d Cir. 1994).  He cannot meet that burden.

### A.  This Case Does Not Arise In and is Not Related To the Bankruptcy

Oldner claims that the action is removable pursuant to 28 U.S.C. § 1334(b), which gives bankruptcy courts jurisdiction over actions "arising under title 11, or arising in or related to cases under title 11."  Oldner does not, as he cannot, claim that Orly's Article 77 proceeding arises under title 11, because its trustee-removal "cause of action or substantive right claimed" is not "created by the Bankruptcy Code," *In re Ebury St. Cap., LLC*, 664 B.R.

5

639, 647 (Bankr. S.D.N.Y. 2024) (defining arising-under proceeding), but by New York trust law.

Rather, in his notice of removal, Oldner asserts that Orly's state proceeding "arises in" this bankruptcy proceeding. "Proceedings 'arise in' title 11 when they are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." His purported ground for arising-in jurisdiction is that the TRO "purports to stay" the adversary proceeding he filed on behalf of the Orly Trust to prevent Orly from receiving a discharge of her debts in bankruptcy—which he calls the "Oldner Adversary Proceeding"—and because the state proceeding seeks to remove "Oldner as the plaintiff [in] a discharge proceeding, which is a core proceeding under 28 U.S.C. § 157(b)(2)(J)." Notice of Removal (ECF No. 1) ¶ 11.

Oldner misrepresents the TRO—it nowhere even refers to, let alone "purports to stay," the Oldner Adversary Proceeding; instead, it requires Oldner only to provide notice and obtain court approval of his actions, so that the court can ensure that the *status quo* is maintained pending its preliminary injunction decision. But even if the TRO purported to stay the Oldner Adversary Proceeding, Orly's Article 77 state proceeding is based on a right—the right to remove a trustee for breaching fiduciary duties—that plainly has an "existence outside of bankruptcy"; it exists without regard to whether any beneficiary has ever filed for bankruptcy, and therefore it may not be removed under arising-in jurisdiction.

In his notice of removal, Oldner also asserts that Orly's Article 77 proceeding is "related to" this bankruptcy proceeding because "its outcome (i.e., the removal of Oldner) would affect the pending Oldner Adversary Proceeding, affect the property of the bankruptcy estate, affect

6

claims against the estate, affect the liquidation of the assets of the bankruptcy estate, and affect the Bankruptcy Court's control over its own proceedings." *Id.* at para. 12.

Oldner's assertion reflects his fundamental misunderstanding of his duties as trustee. Whether or not Oldner remains as trustee is wholly immaterial to any aspect of this bankruptcy. What he calls the Oldner Adversary Proceeding is not his adversary proceeding; it is the Orly Trust's adversary proceeding, which Oldner commenced purportedly on behalf of the Trust.  If the state court removes him as trustee, the court will appoint a replacement trustee, who, exercising his or her independent judgment, will determine, on behalf of the Trust, whether or not to pursue that adversary proceeding, among all the other decisions the trustee is charged with making—and the Oldner Adversary Proceeding may or may not be "affected."[2]  Either way, under the most basic trustee fiduciary-duty law, Oldner has no, never had any, and is not permitted to have any, personal interest whatsoever in that or any other determination on behalf of the Trust. That he believes he does only confirms the urgency of the state court proceeding and the urgency of remand.

Moreover, for years, Oldner has—successfully—argued that the Orly Trust and matters involving its administration and assets are separate from and unrelated to the bankruptcy. *See, e.g.*, Main Case Dkt. No. 19-bk-13895-JLG at ECF No 698 at 7 ("there will be no harm to the bankruptcy estate, because the proceeds at issue in the MSM Action do not belong to the estate, and this single case (which involves the Orly Trust, not the debtor) will

---

[2] Thus, the supposed effects Oldner claims the Article 77 proceeding might have on the bankruptcy are, at the very most, attenuated effects that any litigation involving a debtor or a related party might have.  The broad "conceivable effect" test is not limitless, *see SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 339 (2d Cir. 2018) (expressly acknowledging that "related to" jurisdiction "is not limitless"), and where, as here, the connection between a proceeding and a  bankruptcy is at most attenuated or speculative, the proceeding falls outside "related to" jurisdiction. *See Turner v. Ermiger (In re Turner)*, 724 F.2d 338, 341 (2d Cir. 1983) (Congress did not intend to confer bankruptcy jurisdiction over litigation having only a tangential relationship to a bankruptcy). *See also Publicker Industries, Inc. v. United States (In re Cuyahoga Equipment Corp.)*, 980 F.2d 110, 114 (2d Cir. 1992).

not affect the bankruptcy proceedings."); *id.* at Dkt. No. 293 ("[Oldner's] exercise of his

fiduciary duties as trustee of the Orly Trust is not an issue before [the Bankruptcy] Court,"

and even "if the Debtor were to bring a future claim against Mr. Oldner in that regard, [the

bankruptcy court] would not have jurisdiction to hear it.") (as adopted by Oldner at Dkt No.

304); *see also id.* at Dkt. Nos. 689-1, 491, 304; *Manhattan Safety v. Genger*, No. 19-cv-

05642-MKV-VF at ECF Nos. 78, 58, 55; Chpt. 7 Trustee Surr. Court Removal, 20-ap-1187-

JLG, at ECF No. 1.66.  *See* Main Case Dkt. at ECF No. 755 (on Oldner's motion, ruling that

bankruptcy stay does not apply to Orly Trust claims against third parties).  He should not be

heard now to assert the opposite.  *See Simon v. Safelite Glass Corp.*, 128 F.3d 68, 72 (2d Cir.

1997) (to protect the integrity of the judicial system, "judicial estoppel prevents a party in a

legal proceeding from taking a position contrary to a position the party has taken in an earlier

proceeding").

This Court lacks jurisdiction over Orly's claim.  Accordingly, the action must be

remanded pursuant to 28 U.S.C. § 1447(c).

### B.  Discretionary Abstention Is Warranted

Even assuming *arguendo* that related-to jurisdiction exists here, and it does not, the

proceeding should be remanded under 28 U.S.C. § 1334(c)(1).  That statute permits the Court,

"in the interest of justice, or in the interest of comity with State courts or respect for State law,"

to abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a

case under title 11."  28 U.S.C. § 1334(c)(1).

Courts in this District consider one or more of the following twelve factors in addressing

a motion based on Section 1334(c)(1):

> (1) the effect or lack thereof on the efficient administration of the estate if a Court
> recommends abstention, (2) the extent to which state law issues predominate over

bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on] the court's docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 332 (S.D.N.Y. 2003). "These factors ask a court to balance the federal interest in efficient bankruptcy administration against the interest of comity between the state and federal courts." *In re SVB Fin. Grp.*, 671 B.R. 351, 371 (Bankr. S.D.N.Y. 2025). "An examination of these factors need not be a mechanical or mathematical exercise, and a court need not plod through a discussion of each factor before rendering a decision. Rather, the Section 1334(c)(1) analysis involves a thoughtful, complex assessment of what makes good sense in the totality of the circumstances." *In re Fasciglione*, 665 B.R. 594, 600 (Bankr. S.D.N.Y. 2024) (internal quotations omitted).

Here, all of the twelve factors that are applicable weigh in favor of abstention.

As to factor (1), abstention is appropriate, as there will be no negative effect on the administration of the bankruptcy estate whatsoever. Whether or not Oldner is replaced as trustee of the Orly Trust will not have any effect on the Court's administration of the bankruptcy. If anything, abstention will aid in the administration of the estate, by eliminating an issue ancillary to the bankruptcy from the Court's docket that the Court would otherwise need to address.

As to factor (2), abstention is appropriate, as this New York Article 77 proceeding involves purely state law issues. Orly's proceeding is based exclusively on a New York state-law claim to remove and replace a trustee for breaching fiduciary duties established by New York state law. No federal matters are at issue in this action whatsoever.

9

As to factor (3), abstention is appropriate, as while the state law at issue in this proceeding is not difficult or unsettled, the New York legislature established the Article 77 special procedure so that New York state courts could expediently address matters related to New York express trusts, like the Orly Trust, and Justice Ramseur was already doing so.  In the interests of justice and comity, Justice Ramseur should be permitted to continue to do so.  *See* 28 U.S.C. § 1334(c)(1).

As to factor (5), abstention is appropriate, as Oldner has asserted as a jurisdictional basis for this Court to hear this matter only 28 U.S.C. § 1334.

As to factor (6), abstention is appropriate because, as shown, the proceeding has no connection to the bankruptcy case.  In fact, in permitting the District Court action captioned *Manhattan Safety Maine, Inc. et al. v. Genger, et al.*, No. 19-cv-05642 ("MSM Action") to proceed notwithstanding the automatic stay attendant to the pending bankruptcy, this Court has already ruled that claims the Orly Trust allegedly possesses "are outside of the bankruptcy estate" and involve assets allegedly "belonging to the Orly Trust, not to the Debtor."  Main Case ECF No. 755 at 26, 27.  But even if there is a connection, it is plainly remote.

As to factor (8), abstention is appropriate, as this proceeding involves only a state law claim, not any "core bankruptcy matters."

As to factor (9), abstention is appropriate, because, as shown, it would be burdensome for this Court to address this proceeding, which has little or nothing to do with the bankruptcy or the Court's administration of the bankruptcy estate, especially considering the Court already has before it no fewer than seven other adversary proceedings.

As to factor (10), abstention is appropriate, as the only plausible reason Oldner removed this action to the District Court and sought its referral to this Court is that he was forum shopping, because he wants to avoid the court that granted the TRO against him.

As to factor (12), Oldner, trustee of the Orly Trust, is a non-debtor, which militates in favor of abstention.

Accordingly, discretionary abstention is warranted. *See, e.g.*, *In re Fasciglione*, 665 B.R. at 603 (abstaining from hearing state court matter concerning the Chapter 7 debtor's interest in an LLC which was governed by the New York Uniform Commercial Code); *In re Cody, Inc.*, 281 B.R. 182, 186 (S.D.N.Y. 2002) (affirming bankruptcy court decision abstaining from hearing matter concerning state tax issues which "are of a quintessential state law character").

## C. Remand is Warranted on Equitable Grounds

This Court may also remand this action pursuant to 28 U.S.C. § 1452(b), which allows remand "on any equitable ground." An "equitable" ground is one that is "fair and reasonable." *In re Cathedral of the Incarnation in the Diocese of Long Island,* 99 F.3d 66, 69 (2d Cir. 1996). "Because non-core claims do not implicate the essence of federal bankruptcy power, [] courts consider such classification of a claim in deciding whether to grant an equitable remand." *Shiboleth v. Yerushalmi*, 412 B.R. 113, 117 (S.D.N.Y. 2009). The following factors are applied:

> (1) whether issues of state law predominate; (2) whether judicial economy would be served by equitable remand; (3) whether § 1334(b) is the sole basis for exercising federal jurisdiction; (4) whether the proceeding involves non-debtors; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; and (6) the likelihood that the proceeding was commenced in a particular forum because of forum shopping on the part of one of the parties.

*Id.*

11

As shown above in connection with permissive abstention, all of these factors weigh in favor of remand, and therefore equitable remand would unquestionably be "fair and reasonable" under these circumstances.

## II.        Prompt Remand Is Required

Given the clear lack of basis for removal, the conclusion is inescapable that Oldner and his counsel removed this proceeding purely to avoid the court that issued the TRO and evade or delay the enforcement of the TRO through procedural maneuvering.  The TRO remains in effect only until June 10, two weeks from the date of the removal on May 27, 2026, unless extended for an additional 14 days.  *See* Fed. R. Civ. Pro. 65(b)(2); *Old Slip Benefits & Ins. Servs., LLC v. Allstate Ins. Co.*, No. 25-cv-1110-JGLC, 2025 WL 1453811, at *2-3 (S.D.N.Y. May 21, 2025).

Orly therefore respectfully requests expedited consideration of this motion and expedited remand, so that the court that issued the TRO may address any purported challenges to it, as well as Orly's forthcoming motion to hold Oldner and his counsel in contempt for intentionally violating it.  Not only, of course, are his counsel equally bound by the TRO (*see* Fed. R. Civ. P. 65(d)(2)(B); *Est. of Rothko*, 84 Misc. 2d 830, 868 (N.Y. Sur. Ct. 1975)), they also, under long established New York law, like Oldner, themselves owe fiduciary duties to Orly and therefore, like Oldner, have no legitimate personal interest whatsoever in decisions or actions on behalf of the Trust:

> One of the most fundamental duties of a trustee in any case is complete unselfishness and inflexible loyalty to the interests of the beneficiaries of the trust. The [trustee's] attorneys, concededly in the same position as the trustee, owed an equally high degree of fidelity … The attorneys put themselves in a position in which thought of self was to be renounced, however hard the abnegation; their loyalty to the [beneficiaries] was to be undivided and unselfish; indeed, for them this rule of undivided loyalty was relentless and supreme.

12

*Matter of People (Bond & Mtge. Guar. Co.*, 303 N.Y. 423, 430 (1952) (quotation marks and citations omitted). That Oldner and his counsel have ignored both their obligations under the TRO and their fiduciary duties requires prompt remedy by the state court.

Oldner and his counsel assert that, impermissibly under the Supremacy Clause, the TRO enjoins federal litigation, including by precluding them from producing documents in federal cases to which Oldner is a party as trustee. But the TRO does no such thing. *See* Bowen Decl. Ex. B at 1.  It makes no reference to any federal action, and by its plain language, Oldner is permitted to take "further action as Trustee of the Orly Trust and on behalf of the Orly Trust" so long as he gives "prior notice to the [state court] and Petitioner and [obtains] approval by the [state court]." *Id.* at 2.

The authorities Oldner cites—*General Atomic Co. v. Felter*, 434 U.S. 12 (1977) and *Donovon v. City of Dallas*, 377 U.S. 408 (1964)—are entirely inapposite.  In those cases, the Supreme Court held it was improper for a state court to issue injunctions prohibiting litigation in federal court. *Gen. Atomic*, 434 U.S. at 17 (invalidating state court injunction which prohibited the filing of any action in federal court that was related the state court lawsuit); *Donovan*, 377 U.S. at 413-414 (invalidating state court injunction prohibiting filing further lawsuits concerning the validity of the airport revenue bonds at issue in the state court case).  But, as shown, the TRO here does not prohibit any litigation in federal or any other court.

In any event, to the extent Oldner and his counsel wish to challenge the TRO on Supremacy Clause or any other ground, or believe the TRO needs clarification or modification, they were and they remain required to raise those issues first before Justice Ramseur.  They were not permitted to do what they did—ignore and blatantly violate the TRO by removing,

13

purportedly on behalf of the Trust (the only relevant capacity in which they are acting), the proceeding to federal court without the required notice or approval.

This has long been the law. In *Walker v. City of Birmingham*, 388 U.S. 307, 315 (1967). the Supreme Court affirmed a state-court holding petitioners in contempt for violating the state court's *ex parte* injunction even though the law on which the injunction was based "unquestionably raise[d] substantial constitutional issues concerning some of its provisions" and that the the injunction itself was "subject to substantial constitutional question." 388 U.S. at 316-17. The Supreme Court held that rather than "by-pass orderly judicial review of the injunction before disobeying it," *id.* at 320, the petitioners were required to apply to the [state court] to have the injunction modified or dissolved," which petitioners failed to do at their own peril. *Id.*

Bypassing orderly judicial review is exactly what Oldner and his counsel are seeking to do here. They were required, but failed, first to bring any challenge or other issue concerning the TRO to the court that issued it. Instead, they simply ignored the TRO when they removed it.[3] This contumacious conduct underscores the need for prompt remand.

---

[3] They have also ignored the TRO by deciding, without notifying or obtaining the approval of the state court, to waive the Orly Trust's right to object, on conflict-of-interest grounds, to the substitution of counsel for Manhattan Safety Maine, Inc. ("MSM") by counsel for Oldner, REI, and the Orly Trust in the MSM Action, notwithstanding that MSM claims to be a creditor of the Orly Trust.

14

## CONCLUSION

For the foregoing reasons, Orly's motion to remand should be granted.


Dated: New York, New York
      June 4, 2026

Respectfully submitted,

HERSCHMANN BENSON BOWEN LLP

By: */s/ Michael Paul Bowen*
Michael Paul Bowen
305 Broadway, 7th Floor
New York, New York 10007
(212) 226-4226
