UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* ORLY GENGER,<br><br>           Debtor. | Chapter 7<br><br>Case No. Case No. 19-13895-jlg |
| ORLY GENGER,<br>               Petitioner,<br><br>      -against-<br><br>MICHAEL OLDNER,<br>               Respondent. | Adv. Proc. No. 26-01052-sab<br><br>Judge Shireen A. Barday |


# MICHAEL OLDNER'S MEMORANDUM OF LAW IN OPPOSITION TO ORLY GENGER'S MOTION TO REMAND TO STATE COURT


SPENCER L. SCHNEIDER, P.C.
Attorney for Michael Oldner
469 Seventh Avenue, 12th Floor
New York, NY 10018
Tel: (212) 267-6900
spencer@spencerlawyer.com

i

# Table of Contents

Table of Authorities ................................................................................................iii

Preliminary Statement.............................................................................................. 1

Statement of Facts.................................................................................................... 3

ARGUMENT ........................................................................................................... 7

    A.   The State Action "Arises In" and is "Related To" This Bankruptcy Case.................... 7

    B.   The Court Should Not Exercise Discretionary Abstention ........................................ 10

    C.   Oldner Did Not Violate the State Court's TRO By Removing It to Federal Court.... 14

Conclusion .............................................................................................................. 16

# Table of Authorities

**Cases**

California Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 103 (2d Cir. 2004) ................................................................................................................11

Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995). ....................................................11

Donovan v. City of Dallas, 377 U.S. 408 (1964) .............................................................15

General Atomic Co. v. Felter, 434 U.S. 12 (1977) ..........................................................15

In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir. 1992) ...................................10

In re Fasciglione, 665 B.R. 594, 600 (Bankr. S.D.N.Y. 2024) .......................................10

In re Pan Am Corp., 16 F.3d 513 (2d Cir. 1994) .............................................................11

In re Tronox, 603 B.R. 712, 719 (Bankr. S.D.N.Y. 2019) subsequently aff'd sub nom. In re Tronox Inc., No. 20-3949-BK, 2022 WL 16753119 (2d Cir. Nov. 8, 2022) ...............................................................................................................................7

Moelis & Co. LLC v. Wilmington Trust FSB, Adv. Proc. No. 10-04273 (ALG) (Bankr. S.D.N.Y., February 25, 2011). ............................................................................7

Simon v. Safelite Glass Corp., 128 F.3d 68, 72 (2d Cir. 1997) ........................................9

SPV Osus Ltd. v. UBS AG, 882 F.3d 333, 339-40 (2d Cir. 2018) ....................................8

U.S. Bank National Association v. Triaxx Asset Management LLC, No. 18-CV-4044 (BCM), 2021 WL 4993895, at *4-5 (S.D.N.Y. Oct. 26, 2021) ......................................11

Walker v. City of Birmingham, 388 U.S. 307 (1967) .......................................................14

**Statutes**

11 U.S.C. § 541 ................................................................................................................ 10

28 U.S.C. § 1334(b), ..........................................................................................................9

28 U.S.C. § 1452(a). ........................................................................................................ 15

28 U.S.C. § 157(b)(2)(B). ..................................................................................................9

28 U.S.C. § 2201 .............................................................................................................. 13

CPLR Article 77 ............................................................................................................... 12

## **Preliminary Statement**

Respondent Michael Oldner ("Oldner") submits this memorandum of law in opposition to the motion of the Chapter 7 Debtor Orly Genger ("Orly") to remand a case she recently commenced in New York Supreme Court (the "State Action").

In that case, Orly seeks to remove Oldner as trustee of the Orly Genger 1993 Trust ("Orly Trust"). The Orly Trust is the largest creditor in this Bankruptcy Case, has objected to Orly's discharge, and is prosecuting an action in the District Court to recover $32.3 million in assets which the Orly Trust alleges were fraudulently conveyed to Orly's father and her father's creditors. Orly claims that Oldner's attempts to recover these funds for the Orly Trust are somehow a breach of his fiduciary duties to her. Orly seeks to replace Oldner with someone she admits "may" withdraw the trust's objection to her discharge, not to mention its proof of claim.

Orly's motion to remand should be denied because this Court has "arises in" and "related to" jurisdiction of the State Action under 28 U.S.C. § 1334(b). First, the State Action "arises in" this bankruptcy because it asks the state court to take actions which involve this Court's "enforcement or construction" of its own orders. The issue of whether Oldner breached his fiduciary duties as trustee of the Orly Trust through his actions in this Court (and the District Court) in trying to recover the $32.3 million is already squarely before this Court in the form of a pending sanctions motion and adversary proceeding brought by Orly and the Chapter 7 Trustee. In addition, Oldner's removal would terminate the Orly Trust's objection to her discharge and would lead to the withdrawal of the trust's proof of claim. Second, there

1

is "related to" jurisdiction because the outcome of the State Action (i.e., replacing Oldner with a trustee hand-picked by Orly) will, as noted, impact the bankruptcy estate. Remand would subject this Bankruptcy Case to potentially conflicting rulings from the state court because Orly asks both courts to resolve the same question of whether Oldner breached his fiduciary duties.

Neither discretionary abstention nor equitable remand should be exercised because the requisite factors weigh heavily in favor of retaining jurisdiction. The Bankruptcy Court has been addressing these matters for several years, and Orly is now seeking another forum to litigate matters rightly before this Court.

Finally, Oldner's removal of the State Action did not violate the TRO. The removal was done in his individual capacity and did not revoke or disturb the TRO which continues to remain in effect in this Court. More significantly, Orly's contention that a state court can enjoin a party from exercising his right to federal jurisdiction is incorrect and defies the Supremacy Clause.

In sum, the State Action seeks to replace the trustee of her largest creditor with a trustee selected by her, a maneuver that would allow the state court to essentially adjudicate claims pending in this Court. This Court has jurisdiction over the State Court Action and Orly's motion should be denied.

## Statement of Facts

### *This Bankruptcy Case*

On July 12, 2019, Orly filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Western District of Texas, and the case was subsequently transferred to this Court. *In re Orly Genger*, Case No. 19-13895 (JLG) (the "Bankruptcy Case").[1]

The heart of the instant motion revolves around Orly's 2013 settlement of a derivative action she had brought individually and on behalf of the Orly Trust for $32.3 million ($17.3 million in cash, and $15 million in promissory notes). (Main Case ECF No. 755, at 7, quoting from the complaint in Manhattan Safety Maine, Inc. et al. v. Genger, et al., 19-CV-05642 (MKV)(VF) (S.D.N.Y. filed June 17, 2019) ("MSM Action") (ECF No.'s 1-2, 48 ¶¶'s 46-56.) The 2013 settlement proceeds belonged to the Orly Trust, but Orly wrongly diverted them to her father and his creditors when the case was settled in 2013. (MSM Action ECF No 48, ¶¶'s 46-56.) Having settled the lawsuit in 2013, Orly has no economic interest in the Orly Trust. Genger v. Genger, 76 F. Supp. 3d 488, 501 (S.D.N.Y. 2015), aff'd, 663 F. App'x 44 (2nd Cir. 2016) ("Orly monetized her beneficial interest in the Orly Trust shares for $32.3 million.") The Orly Trust is insolvent due to the actions of Orly. (MSM Action,

---

[1] The 2019 filing came two weeks after the U.S. Court of Appeals for the Second Circuit unanimously affirmed of a judgment in excess of $3 million against in favor of her brother Sagi Genger. Genger v. Genger, 771 Fed.Appx. 99 (Mem) (2d. Cir. June 28, 2019); In re Orly Genger, Bankr. Case #: 19-13895-jlg, Dkt. 1 (July 12, 2019)

3

ECF No. 48, ¶¶'s 46-56, 85.)

*Adversary Proceedings and Motion Practice Currently Involving Oldner/The Orly Trust*

Oldner was duly appointed trustee of the Orly Trust in 2019. (See Main Case ECF No. 755, at 6). On October 29, 2019, Oldner, in his capacity as the trustee of the Orly Trust, commenced the adversary proceeding objecting to Orly's discharge. (Oldner, as Trustee of Orly Trust v. Orly Genger 19-01447-jlg (Bankr. S.D.N.Y, filed October 29, 2019) (ECF No. 1, ¶ 7) ("Oldner Adversary Proceeding"). Orly's motion to dismiss the proceeding is *sub judice*.

On June 22, 2022, the Chapter 7 Trustee commenced an adversary proceeding against 12 individuals, including Oldner individually and as a trustee of the Orly Trust, alleging a multi-year conspiracy to drive Orly into bankruptcy, and seeking to "equitably subordinate the claims of all Defendants who filed claims in this Chapter 7 case, and to hold the Defendants, as applicable, accountable for their willful, malicious and tortious conduct, including their breaches of fiduciary duty." (Piazza, Chapter 7 Trustee v. Oldner et al., Adv. Proc. No. 22-01106-jlg (Bankr. S.D.N.Y. filed June 10, 2022) (ECF No. 1, ¶ 1) ("2022 Adversary Proceeding."))[2]

---

[2] The alleged breaches arise directly from the Orly Trusts efforts, through Oldner, to collect the wrongful diversion of the $32.3 million.

4

On December 19, 2019, the Orly Trust filed a proof of claim in the amount of $41,622,588, representing the $32.3 million fraudulently conveyed by Orly, plus CPLR interest. (Main Case ECF No. 421, Ex. C).

On April 26, 2026, Orly filed a motion in the Bankruptcy Case seeking sanctions against largely the same defendants in the 2022 Adversary Proceeding, including Oldner, alleging largely the same multi-year conspiracy to allegedly drive Orly into bankruptcy. (Main Case ECF No. 776 ("Sanctions Motion").) Among other things, Orly claims in the motion that a document recently produced in discovery in the Southern District suit (what she calls the "nuclear option" email) — dating from years before Oldner had any involvement in these matters — somehow proves that Oldner had conspired with others to drive Orly into bankruptcy. In the motion, Orly seeks to disallow Oldner's proof of claim, to dismiss the Oldner Adversary Proceeding, and even to refer Mr. Oldner to the Justice Department for bankruptcy fraud prosecution. The motion is pending.

*The State Court Action*

Less than three weeks after Orly filed the Sanctions Motion in this Court, on May 18, 2026, Orly's lawyers filed the State Court Action. It largely mirrors the allegations contained in the Sanctions Motion. Styled as a special proceeding under CPLR Article 77, it names Oldner individually. It seeks to remove him for alleged breaches of fiduciary duty and alleges the same supposed conspiracy to drive Orly into bankruptcy as alleged in this Bankruptcy Case for several years. (Compare Main Case ECF No. 776 with this Adversary Proceeding ECF Doc. 1-1.) Orly's

5

verified petition expressly attacks Oldner's legal efforts to recover the $32.3 million in trust assets she diverted. (Id. at ¶¶'s 26-35.)[3]

Along with the State Action, Orly procured an *ex parte* temporary restraining order ("TRO") from the state court restraining Oldner from "taking any further action as Trustee of the Orly Trust and on behalf of the Orly Trust" without prior permission of the State Court. (ECF 1-4.) Claiming that Oldner was "very ill," Orly argued that a TRO was needed to prevent Oldner from "appointing a successor trustee designated by [Orly's judgment creditor] Sagi [Genger], issuing further releases to adverse parties, or taking further adverse steps in the [Southern District lawsuit]." (Ex. A hereto, ¶ 8.) Orly also asked that the state court appoint a long-time family acquaintance as the successor trustee. (Ex. B hereto.)

A form accompanying the TRO application listed the Bankruptcy Case, the Oldner Adversary Proceeding, and the Southern District action as related cases. (ECF No. 1-2.) In her verified petition, Orly cited Oldner's maintenance of the Oldner Adversary Proceeding (objecting to her discharge) as "shocking" and "underscor[ing] the extreme nature of Oldner's breach of his fiduciary duties." (ECF No. 1-1, ¶¶ 31-32.) But Orly did not reveal in her filings with the new forum that she had already been alleging in motions and pleadings in this Court — since 2022 — the same breaches of fiduciary duties she alleges there.

---

[3] In other words, the State Action does not seek to protect the Orly Trust and its beneficiaries. Rather, it seeks to install a compliant trustee who will abandon its efforts to seek recovery for the Orly Trust.

On May 27, 2026, under 28 U.S.C. §§ 157, 1334 and 1452, Bankruptcy Rule 9027, Oldner filed a Notice of Removal of the State Action in the United States District Court, Southern District of New York. (ECF No.'s 1 and 2.) On June 2, 2026, in accordance with the Southern District's General Standing Order of Reference M-431, the State Action was transferred to this Court. (Id.) Orly then filed this remand motion by Order to Show Cause on or about June 4, 2026. (ECF No. 4.) As the State Action is inextricably intertwined with these bankruptcy proceedings, remand should be denied.

## ARGUMENT

### A. The State Action "Arises In" and is "Related To" This Bankruptcy Case

"Arising in" jurisdiction under 28 U.S.C. § 1334(b) "plainly covers matters that require the interpretation or enforcement of orders issued during a bankruptcy case. . . . [and] also generally covers matters over which a bankruptcy court has 'core' jurisdiction." In re Tronox, 603 B.R. 712, 719 (Bankr. S.D.N.Y. 2019) (citations omitted) subsequently aff'd sub nom. In re Tronox Inc., No. 20-3949-BK, 2022 WL 16753119 (2d Cir. Nov. 8, 2022). A removed state-court action falls within a bankruptcy court's core jurisdiction if it implicates the "enforcement or construction of a bankruptcy court order." Moelis & Co. LLC v. Wilmington Trust FSB, Adv. Proc. No. 10-04273 (ALG) (Bankr. S.D.N.Y., February 25, 2011).

In addition, "a civil proceeding is related to a title 11 case if the action's outcome might have any conceivable effect on the bankrupt estate. If that question is answered affirmatively, the litigation falls within the 'related to' jurisdiction of the

7

bankruptcy court." SPV Osus Ltd. v. UBS AG, 882 F.3d 333, 339-40 (2d Cir. 2018)
(internal quotations and citations omitted).

Orly concedes the Oldner Adversary Proceeding is a core proceeding. She contends that the TRO does not purport to stay it but only requires Oldner to obtain prior permission from the state court in order to prosecute it. (ECF No. 4, at 6.) She argues that the State Action "exists outside" of the Bankruptcy Case. This is incorrect: by Orly's design, the State Court Action was brought to halt the "enforcement or construction of a bankruptcy court order" — specifically, orders to be issued by this Court in the above-described pending bankruptcy proceedings initiated by the Orly Trust, in Oldner's capacity as its trustee.

Next, Orly contends that "related to" jurisdiction does not exist because "[w]hether or not Oldner remains as trustee is wholly immaterial to any aspect of this bankruptcy." But at the same time, she is seeking to use the State Action to install a trustee who she admits "may" dismiss the Orly Trust's discharge objection, thereby directly affecting the outcome of a core proceeding in this Court. That is the very definition of a "conceivable effect" on the bankruptcy estate. Removing the trustee of the entity who brought that action and replacing him with someone selected by the defendant would necessarily affect the prosecution thereof.[4]

Under the above articulated standards of 28 U.S.C. § 1334(b), Orly's state

---

[4] Orly's replacement trustee will also immediately withdraw the Orly Trust's proof of claim. The allowance or disallowance of claims against the estate is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

court proceeding clearly "arises in" and is "related to" this Bankruptcy. It does not require a leap of faith to see that the state court's "outcome might have [a] conceivable effect on the bankrupt estate" given the intended consequences. And, as noted, asking a state court judge to weigh in on the Orly Trust's actions in this Bankruptcy will either "require the interpretation or enforcement of orders issued during a bankruptcy case," or have a state judge make findings that are potentially binding on this Court.

In sum, the intended and inevitable purpose of the State Action is to remove matters that have been before this Court for several years and are presently *sub judice*. Orly should not be permitted to circumvent this Court's jurisdiction. The issues raised in the State Court Action are core proceedings that should be litigated here, and the case should not be remanded.

Finally, Orly's request for judicial estoppel is without merit. She incorrectly contends that "for years, Oldner has—successfully—argued that the Orly Trust and matters involving its administration and assets are separate from and unrelated to the bankruptcy." (ECF No. 4, at 7.) Judicial estoppel, however, requires that a party take "clearly inconsistent" positions. Simon v. Safelite Glass Corp., 128 F.3d 68, 72 (2d Cir. 1997). There is no inconsistency here.

Oldner previously argued, and this Court agreed, that the Orly Trust's claims against third parties were not property of Orly's estate — but that was because under 11 U.S.C. § 541 the Orly Trust's recovery of assets would not enlarge the Chapter 7 bankruptcy estate. (See Main Case ECF 755; Main Case ECF 293 (adopted at

9

Main Case ECF 304); <u>Piazza v. Oldner</u>, Adv. Proc. No. 21-01180, ECF 62.) Oldner's

prior positions did not address that issue here, which is whether the Orly Trust's

pending discharge objection and its proof of claim relate to this Bankruptcy Case.

Those are complementary, not contradictory, positions.

Whether the Orly Trust's claims against third parties are "estate property" is

a different question than whether a proceeding to enjoin and remove the Orly Trust

trustee "relates to" the bankruptcy governed by different statutes; answering "no" to

the first question does not mean "no" to the second. A proceeding can be "related to"

a bankruptcy without involving estate property. <u>See</u>, <u>e.g.</u>, <u>In re Cuyahoga Equip.</u>

<u>Corp.</u>, 980 F.2d 110, 114 (2d Cir. 1992) (finding "related to" jurisdiction over claims

between non-debtors). Oldner's positions do not contradict each other at all. Judicial

estoppel is inapplicable.

## B. <u>The Court Should Not Exercise Discretionary Abstention</u>

The twelve factors used by Courts in this Circuit weigh heavily in favor of re-

taining jurisdiction. "[A] thoughtful, complex assessment of what makes good sense

in the totality of the circumstances," supports denial of the remand motion. <u>In re</u>

<u>Fasciglione</u>, 665 B.R. 594, 600 (Bankr. S.D.N.Y. 2024).

The first factor alone – effect on efficient administration — should be deci-

sive. The Second Circuit has repeatedly emphasized "the strong bankruptcy code

policy that favors centralized and efficient administration of all claims in the bank-

ruptcy court." <u>In re Cuyahoga Equip. Corp.</u>, 980 F.2d at 117. This policy reflects

Congress's intent "to grant comprehensive jurisdiction to the bankruptcy courts so

that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." California Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 103 (2d Cir. 2004) (quoting Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995).)

In WorldCom, the Second Circuit held that claims related to a bankruptcy "should not be subject to conflicting outcomes along with repetitive and time-consuming discovery proceedings in multiple state courts." 368 F.3d at 104. The potential for duplicative and uneconomical use of judicial resources and the possibility of inconsistent results is high, if not the *deliberate* reason for Orly's rush into state court. Orly is asking the state court to make findings on the very same allegations she has been asserting against Oldner in the 2022 Adversary Proceeding and her Sanctions Motion. Remand would also vest the state court with control over the Oldner Adversary Proceeding and the proof of claim — both core proceedings. Orly should not be allowed to litigate identical facts in two forums and invite the very sort of conflicting rulings the bankruptcy scheme exists to prevent. In re Pan Am Corp., 16 F.3d 513 (2d Cir. 1994). Bankruptcy Court was Orly's chosen forum, and she should not be permitted to go to another forum to effect these proceedings.

As to factor (2), abstention is inappropriate because the State Action does not rest exclusively on state law. CPLR Article 77 is a state procedural rule and is no impediment to this Court applying analogous federal procedural rules to adjudicate the application. See U.S. Bank National Association v. Triaxx Asset Management LLC, No. 18-CV-4044 (BCM), 2021 WL 4993895, at *4-5 (S.D.N.Y. Oct. 26, 2021)

11

(noting that "federal courts have accepted jurisdiction over removed petitions originally brought in state courts under Article 77"; noting further that "declaratory judgment claims brought pursuant to 28 U.S.C. § 2201, . . . are in some ways analogous to Article 77 proceedings;" court denied motion to remand.)[5] Indeed, Orly's central allegation—that Oldner somehow "forced" her into bankruptcy—is an inherently federal question that a state court is not qualified to pass upon. Likewise, as to factor 3, there is no difficulty/unsettled nature of state law.

Factor 5 (Independent jurisdictional basis) and Factor 6 (relatedness) cut against abstention because 28 U.S.C. § 1334 supplies jurisdiction over related-to and arising-in matters—indeed, that is § 1334's entire purpose. The State Action targets the party prosecuting a core proceeding and rests on the same facts as the pending 2022 Adversary Proceeding and Sanctions Motion (ECF No. 776). The connection is direct, not remote.

Factor 7 (Substance of a "core" proceeding) weighs against abstention because, as noted above, the State Action targets three core matters and the pending Sanctions Motion (filed just weeks before Orly started the State Action). The TRO purports to prevent Oldner from exercising his fiduciary duty to prosecute two core matters on behalf of the Orly Trust.

---

[5] "*See* 28 U.S.C. § 2201 ('In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.')" Article 77 has a direct analogue in a adversary proceeding (Rule 7001(7)) or contested matter (Rule 9014), resolvable on a summary record (Rule 7056) on an expedited basis (Rule 9006(c); LBR 9077-1).

12

Factor 8 (Feasibility of severance) also weighs against abstention. The State Action has significant factual overlap with the Oldner Adversary Proceeding — Orly casts Oldner's prosecution of it as itself a breach of fiduciary duty, and the TRO purports to bar him from prosecuting it. Severing and remanding would create parallel, conflicting proceedings.

Factor 9 (Docket burden) weighs against abstention, as the pending Sanctions Motion alone will bear directly on the result in this proceeding. It is wrong for Orly to burden another court with duplicative claims.[6]

Factor 10 (Forum shopping) weighs strongly against abstention because Orly filed the State Court Action, obtained an *ex parte* TRO, and then sought to use it to restrain Oldner's prosecution of the Oldner Adversary Proceeding in this Court, and his defense of Orly's simultaneous Sanctions Motion.

Factor 12 (Non-debtor parties) also weighs against abstention. Oldner's non-debtor status is common in bankruptcy-related matters and does not favor abstention; the "conceivable effect" test reaches "suits between third parties which have an effect on the bankruptcy estate," SPV Osus Ltd., 882 F.3d at 339, and this proceeding directly concerns prosecution of a core proceeding here.

---

[6] In that Orly could have sought the removal of Oldner in the pending 2022 Adversary Proceeding (which also alleges that Oldner breached his fiduciary duties), Olry is engaging in claim-splitting. Curtis v. Citibank, N.A., 226 F.3d 133 (2d Cir. 2000), holds that: "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit," and that plaintiffs "have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." For this reason, the Court should not remand this case.

Finally, since "Courts in this district have treated the analysis under [equitable remand and discretionary abstention] as essentially identical," <u>Kerusa Co. LLC v. W10Z/515 Real Est. Ltd. Partnership</u>, 2004 WL 1048239, at *3 (S.D.N.Y. May 7, 2004), this Court should not exercise equitable remand.

## C. <u>Oldner Did Not Violate the State Court's TRO By Removing It to Federal Court</u>

Orly devotes a substantial portion of her brief arguing that Oldner violated the state court TRO by removing the proceeding to this Court. This argument is irrelevant to the jurisdictional analysis and, in any event, is wrong. Removal of a proceeding to federal court is a right conferred by federal statute. 28 U.S.C. § 1452(a). The exercise of a federal statutory right cannot constitute a violation of a state court order. To hold otherwise would allow state courts to prevent removal to federal court simply by issuing injunctions, a result that would be inconsistent with the Supremacy Clause.

Orly's characterization of Oldner's removal as "contumacious" conduct is unfounded. Oldner exercised his statutory right — in his individual capacity and not as a trustee of the Orly Trust—to remove the proceeding within the time permitted by 28 U.S.C. § 1446(b)(1). Orly's citation of <u>Walker v. City of Birmingham</u>, 388 U.S. 307 (1967), for this proposition is inapposite. <u>Walker</u> addressed disobedience of orders within the issuing court's power. It did not govern the exercise of a federal statutory right whose effect on state-court jurisdiction is automatic and defined by federal statute. Oldner did not flout an order — he invoked a mechanism that by its

14

terms supersedes state-court jurisdiction.

The TRO does not reach the act of removal by its terms. The TRO restrains Oldner "from taking any further action as Trustee of the Orly Trust and on behalf of the Orly Trust." Removing the proceeding to federal court is not an action taken "as Trustee" or "on behalf of the Orly Trust." It is a litigation step taken in Oldner's individual capacity as a named respondent defending his continued tenure in office.

Finally, Orly cites General Atomic Co. v. Felter, 434 U.S. 12 (1977), and Donovan v. City of Dallas, 377 U.S. 408 (1964), but argues they are "entirely inapposite" because the TRO does not prohibit any litigation in federal court. That argument fails for two reasons. A requirement that a party obtain state court approval before taking action in a federal action—which Orly claims the TRO does here—is plainly a restraint on federal litigation. Also, accepting Orly's spin that "notice and approval" is not an outright prohibition, the result is the same. Here, the effect of the TRO is to subject Oldner's prosecution of a core proceeding in this Court to the prior approval of a state court judge. That is precisely the kind of state court interference with federal proceedings that General Atomic and Donovan prohibit.

15

**Conclusion**

For the above stated reasons, Oldner respectfully requests that Orly's motion

be denied in its entirety.

Dated: New York, New York
      June 9, 2026

SPENCER L. SCHNEIDER, P.C.

By: _____
Spencer L. Schneider
469 Seventh Avenue, 12th Floor
New York, NY 10018
Tel: (212) 267-6900
spencer@spencerlawyer.com
*Attorney for Respondent Michael Oldner*

16